HENDRY, Chief Judge.
This is defendant’s appeal from a final declaratory decree rendered pursuant to plaintiff’s motion for judgment on the pleadings.
The defendant was injured in a collision with an automobile driven by one Forrest Pelfrey. The Pelfrey vehicle was owned by Norma Jean Pelfrey, wife of Forrest Pelfrey. The plaintiff, insurer of the Pel-frey automobile, filed a complaint below seeking a declaration that the policy did not extend coverage to Forrest Pelfrey by virtue of a policy endorsement specifically excluding coverage when the vehicle was operated by him. The defendant’s answer admitted all factual allegations in the complaint but prayed the exclusionary endorsement be declared null and void as against public policy and in conflict with the provisions of Chapter 324 Fla.Stat., F.S.A. The trial court granted plaintiff’s motion for judgment on the pleadings thereby giving rise to this appeal.
The policy under scrutiny contains the following clause:
“Financial Responsibility Laws— Coverages A and B
“When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall he applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.”
The endorsement excluding coverage of the vehicle when it is operated by Forrest Pel-frey reads in part as follows:
“It is hereby agreed and understood that all coverage shall be null and void while the vehicle is driven by Forrest H. Pelfrey.”
The primary question presented is whether the specifically excluded husband is, by operation of law, within the coverage of the liability policy issued by appellant.
Under the authority of Howard v. American Service Mutual Insurance Co.[1] and Lynch-Davidson Motors v. Griffin[2] the decree appealed must be reversed.
No useful purpose can here be served by an elaborate discussion of the legal problem presented by this case. For such discussion we refer the reader to this court’s opinion in the Howard case, and the opinion of the First District Court of Appeal in the Lynch-Davidson case.
Appellee contends that Jefferson Insurance Company v. Fischer,[3] decided by the Supreme Court after Howard but before *378 Lynch-Davidson, must be construed as a rejection of Howard. We disagree. The Jefferson decision does not turn on a construction of the Financial Responsibility Law, § 324 F.S., F.S.A., and the effect thereof on this type case.
For the foregoing reasons the decree appealed is reversed and the chancellor is directed to enter a decree for the defendant.
Reversed.

.Fla.App.1963, 151 So.2d 682.

.Fla.App.1965, 171 So.2d 911.

.Fla.1964, 166 So.2d 129.