182 So.2d 7 (1966)
LYNCH-DAVIDSON MOTORS, a corporation, Petitioner,
v.
Norman Delano GRIFFIN, a minor, by his guardian ad litem, J. Elworth Griffin, J. Elworth Griffin, individually, and Martha D. Griffin, Respondents.
No. 34269.
Supreme Court of Florida.
January 5, 1966.
Rehearing Denied February 14, 1966.
*8 Lawrence Sands, of Howell, Kirby, Montgomery & Sands, Daytona Beach, for petitioner.
Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for respondents.
ROBERTS, Justice.
This cause is before the court on "direct conflict" certiorari to review a decision of the District Court of Appeal, First District. See Lynch-Davidson Motors v. Griffin, Fla.App. 1965, 171 So.2d 911.
In the decision here reviewed the appellate court interpreted the Financial Responsibility Law of 1955, Chapter 324, Fla. Stat., F.S.A., as applicable to all automobile liability insurance policies issued on Florida vehicles and held, in effect, that the minimum financial responsibility requirements specified in Section 324.151 of the Act must be read into and become a part of each such policy regardless of whether such policy was taken out voluntarily by the insured before being involved in an accident, or whether such policy was taken out or furnished as proof of financial responsibility after an accident in compliance with Section 324.031(1) of the Act. This holding runs head on into the decision of this court in Jefferson Insurance Co. v. Fischer, Fla. 1964, 166 So.2d 129, and that of the Second District Court of Appeal in Hodapp v. Shelby Mutual Ins. Co., Fla.App. 1964, 166 So.2d 772.
The decisions in the cited cases were handed down in recognition of the fact  which cannot be questioned  that our Financial Responsibility Law, like that of many other states, does not provide for compulsory liability insurance as a condition precedent to owning or operating a motor vehicle. Every owner or operator of a motor vehicle is allowed one "free" accident (that is, one uninsured accident  although he must, of course, respond in damages, from what assets he owns, for injuries to persons or property for which he is legally liable). The sanctions or compulsions of the Financial Responsibility Law are not invoked unless and until the owner or operator is involved in an accident; until that occurs, he is at liberty to own or operate a motor vehicle without any insurance coverage whatsoever, or with as little coverage as desired. That this is the legislative *9 intention is abundantly clear from the stated purpose of the Act  to require an owner or operator of a motor vehicle involved in an accident to "show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges"  (emphasis added) Sec. 324.011, F.S.A. See also a clarifying amendment to Section 324.151, adopted at the 1965 session of the Legislature, Ch. 65-489, Acts of 1965, stating in unambiguous terms that
"(2) The provisions of this section shall not be applicable to any automobile liability policy unless and until it is furnished as proof of financial responsibility for the future pursuant to section 324.031, and then only from and after the date said policy is so furnished."
The respondents concede that the appellate court's decision brought here for review conflicts with the decisions of this court and the Second District Court of Appeal, supra, in the respect discussed above, but contend that the "conformity" clause of the subject insurance policy brings it within the intendment of the Financial Responsibility Law. They rely on Howard v. American Service Mutual Ins. Co., Fla. App. 1963, 151 So.2d 682, in support of this contention.
The conformity clause with which the court was concerned in Howard v. American Service Mutual Ins. Co., supra, reads as follows:
"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period * * *."
and the appellate court held that this clause was effective, as an agreement between the insuror and the insured, to broaden the coverage of the policy so as to include liability for damage caused by a non-owner operator of the insured vehicle, a coverage which was expressly excluded by the policy. In so holding, the appellate court applied the well settled rule that where an insurance policy is susceptible of two interpretations, that interpretation which sustains the claim for indemnity will be adopted.
The conformity clause of the policy with which we are here concerned is different. It contains an introductory and qualifying statement, which we italicize, as follows:
"When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state * * * such insurance as is afforded by this policy * * * shall comply with the provisions of such law * * *."
In the decision here reviewed, the court noted that the facts "fail to establish that the insurance policy involved herein was ever certified pursuant to the provisions of the financial responsibility law." The owner, an automobile dealer, had insurance coverage for liability for damages caused by its prospective customers when operating the vehicle. It is contended that the operator, a prospective customer, had insurance coverage for liability for operation of a motor vehicle not owned by him. The third person who was injured in an accident involving the automobile owned by the automobile dealer and driven by the prospective customer obtained a judgment against the dealer, which judgment was satisfied in full by the dealer's insurance carrier under the subject policy. The instant suit is one, essentially, between insurance carriers  the dealer's carrier seeking indemnity from the carrier of the operator of the vehicle, whose negligence was the cause of the accident. Thus, the defense that the operator of the vehicle was, by operation of law under the Financial Responsibility Law and the conformity clause *10 of the subject policy, an "insured" under the subject policy, even though expressly excluded from its coverage under the terms thereof, finds no support either in the spirit or the letter of the Financial Responsibility Law and the conformity clause of the subject policy. Accordingly, the respondents' contention in this respect cannot be sustained.
For the reasons stated, the decision here reviewed should be and it is hereby quashed.
It is so ordered.
THORNAL, C.J., THOMAS and O'CONNELL, JJ., and TROWBRIDGE, Circuit Judge, concur.