HENDRY, Chief Judge.
The Pennsylvania National Mutual Casualty Insurance Company, plaintiff below, filed a complaint for declaratory decree to determine whether the defendant, Jack Ross, was insured by the defendant, Financial Indemnity Company, and was not an uninsured motorist within the meaning of the policy issued by plaintiff to the defendant, Nick Ramirez. The chancellor granted the plaintiff’s motion for a summary final decree and this appeal followed.
The facts are not in conflict. Ross, who was the manager of a used car lot, was demonstrating a car from the lot to a prospective purchaser. He had let the customer out and was returning to the lot when 'the automobile which he was operating collided with an automobile operated by Nick Ramirez. The defendants, Nick Ramirez, Jr. and Manuel Roman were passengers in the Ramirez car.
Nick Ramirez was insured under a policy issued by the plaintiff which provided uninsured motorist coverage to persons occupying an insured automobile.
The insurance company which covered the used car lot under a general policy was found to be bankrupt. Ross had a personal policy of liability insurance on his 1960 Cadillac with Financial Indemnity.
Financial Indemnity denied coverage to Ross with respect to the accident in question based on a provision of the policy which excluded coverage whenever Ross used an automobile other than his 1960 Cadillac and was involved in an accident arising out of the operation of an automobile sales agency. The policy contains the following conformity clause:
“When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state * * * such insurance as is afforded by this policy * * * shall comply with the provisions of such law. * * * ”
Thereafter, the Ramirezes and Roman filed a demand for arbitration, claiming damages from the plaintiff under the uninsured motorist coverage in the policy issued to Nick Ramirez.
During the proceedings below, Financial Indemnity made a motion for summary decree. In opposition to this motion, the plaintiff relied upon the fact that the policy as issued by Financial Indemnity did not conform with the Financial Responsibility Law of 1955, Chapter 324, Fla. Stat., F.S.A. yet Ross had used the policy as proof of financial responsibility after the accident in compliance with § 324.031(1) of the Act. Therefore, it is alleged that the Financial Responsibility Law had always been a part of the policy.
The conformity clause of the policy with which we are concerned is identical to that which was under consideration in the case of Lynch-Davidson Motors v. Griffin, Fla.1966, 182 So.2d 7. Justice Roberts, *516 speaking for the Supreme Court in that case said at page 9:
“Thus, the defense that the operator of the vehicle was, by operation of law under the Financial Responsibility Law and the conformity clause of the subject policy, an ‘insured’ [at the time of the accident] under the subject policy, even though expressly excluded from its coverage under the terms thereof, finds no support either in the spirit or the letter of the Financial Responsibility Law and the conformity clause of the subject policy.”
Therefore, on the authority of the Lynch-Davidson Motors decision, supra, and cases cited therein, we must conclude that the chancellor erred in denying Financial Indemnity’s motion for a summary decree and in granting a summary final decree for the plaintiff.
Accordingly, the decree appealed is reversed and the cause remanded for entry of a decree in accordance with this opinion.
Reversed and remanded.