PER CURIAM.
Appellant, defendant in the trial court, brings its appeals from an adverse summary judgment and a final judgment awarding appellee attorney fees. These appeals have been consolidated for purposes of this opinion.
Plaintiff, John F. Keller, brought suit against defendant, Ohio Casualty Company, alleging that a policy of automobile liability insurance had been issued to Arthur J. Baya and Kate R. Baya. Plaintiff further alleged that the policy was in full force and effect on May 6, 1960, at which time the insured’s automobile, operated by Arthur J. Baya, was involved in an adcident with plaintiff, John F. Keller, resulting in plaintiff’s injury. The defendant insurance company answered and set forth as a defense a general endorsement providing that the insurance coverage afforded by the policy would not apply to any vehicle covered under the policy which was operated by Arthur J. Baya. A copy of the endorsement was attached to the answer and reads as follows:
“It is understood and agreed that coverage afforded under the policy to which this endorsement is attached shall not apply while any vehicle covered hereunder is operated by Arthur J. Baya.”
This policy and endorsement were issued December 28, 1959, prior to the accident in question. Defendant further pleaded res judicata as a separate defense claiming that it had previously obtained a final declaratory decree determining that the collision in *344 which John F. Keller was injured was not covered by the policy.
Issue having been joined both plaintiff and defendant moved for summary judgment. Following a hearing on the motions, the trial court entered final summary judgment in favor of the plaintiff and a judgment in the amount of $750.00 as attorney fees for plaintiff’s attorney.
The order issued by the trial court held that the endorsement was void and of no force and effect and allowed recovery by the plaintiff against defendant insurance company. The court based its order on Howard v. American Service Mutual Insurance Company, 151 So.2d 682, 8 A.L.R.3d 382 (Fla.App.1963) and Hartman v. Amer ican Fidelity Fire Insurance Company, 177 So.2d 376 (Fla.App.1965). In all respect to the trial court, the decision rendered at that time was correct. However, following the Third District Court of Appeal’s opinion in Hartman v. American Fidelity Fire Insurance Company, supra, the Supreme Court subsequently quashed that opinion and held that such endorsements were valid and enforceable. American Fidelity Fire Insurance Company v. Hartman, 185 So.2d 696 (Fla.1966). We, therefore, reverse and remand for further action consistent with the law as set forth in American Fidelity Fire Insurance Company v. Hartman, 185 So.2d 696 (Fla.1966).
The second point raised by appellant is without merit because the final decree obtained in the declaratory judgment action was not against the plaintiff, John F. Keller, since he had previously been dismissed, and it therefore could not constitute res judi-cata.
Reversed and remanded.
LILES, Acting C. J., PIERCE, J., and SMITH, D. C., Associate Judge, concur.