210 So.2d 715 (1968)
BANKERS and SHIPPERS INSURANCE COMPANY OF NEW YORK, Petitioner,
v.
PHOENIX ASSURANCE COMPANY OF NEW YORK et al., Respondents.
No. 36781.
Supreme Court of Florida.
May 22, 1968.
Rehearing Denied June 18, 1968.
*717 George C. Vogelsang, Miami, for petitioner.
Walsh & Dolan, Ft. Lauderdale, for Phoenix Assurance Co. of New York.
Norman S. Klein, of Linet, Schwartz & Klein, No. Miami Beach, for Archie B. Sturgis, Ulysses Griffin, Emma D. Griffin, Frank Parker and Victor Johnson.
ROBERTS, Justice.
This cause is before the court on certiorari granted to review a decision of the District Court of Appeal, Fourth District, in Phoenix Assurance Company of New York v. Bankers and Shippers Insurance Company of New York et als., Fla. App. 1967, 202 So.2d 122. Jurisdiction attached under Article V, Sec. 4(2), Fla. Const., F.S.A., because of a direct conflict on the same point of law with the decisions of this court in Lynch-Davidson Motors v. Griffin, Fla. 1966, 182 So.2d 7, and American Fidelity Fire Insurance Company v. Hartman, Fla. 1966, 185 So.2d 696; the decision of the District Court of Appeal, Second District, in Ohio Casualty Co. v. Keller, Fla.App. 1967, 199 So.2d 343, and of the District Court of Appeal, Third District, in Financial Indemnity Company v. Pennsylvania National Mutual Casualty Insurance Company, Fla.App. 1966, 184 So.2d 514.
The point of law with which we are here concerned has to do with an exclusionary endorsement on a policy of automobile liability insurance issued by Bankers and Shippers Insurance Company of New York, ("Bankers" hereafter) to Emma D. Griffin, covering a 1961 Rambler station wagon owned by her. The exclusionary endorsement was in the following terms: 
"It is hereby agreed and understood no coverage shall apply under this policy for occurrences which take place while any vehicle is being operated by Ulysses Griffin."
Some months prior to the purchase by Mrs. Griffin of the station wagon and the issuance of the Bankers' coverage thereon, another insurer, Phoenix Assurance Company of New York had issued a policy of automobile liability insurance to Ulysses Griffin covering a pick-up truck owned by him. The Phoenix policy provided coverage for "newly acquired" automobiles of the insured or his spouse but contained an "other insurance" clause as follows: 
"The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance."
The Bankers policy also contained an "other insurance" clause providing, inter alia, that "the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."
In due course, an accident occurred while Ulysses Griffin was driving his wife's station wagon, resulting in injuries to the occupants of the other vehicle. On the Form SR-21 provided by the Insurance Commissioner for the purpose of notification of insurance coverage, he specified the Phoenix policy as providing coverage for his liability for such injuries. Both Phoenix and Bankers denied liability under their respective policies.
In a suit for declaratory decree brought by Phoenix, the trial court held that the endorsements, quoted above, were repugnant *718 to and void under the Financial Responsibility Law, Ch. 324, Fla. Stat., F.S.A., and that the two insurance companies "should bear liability equally on a pro rata basis." On the appeal, the Fourth District Court of Appeals agreed with the trial court as to the applicability of the Financial Responsibility Law to the question of the validity vel non of the endorsements. It held that the clause excluding Ulysses Griffin from coverage under the Bankers policy was void and that the policy should be construed without such exclusionary endorsement. It disagreed, however, as to the respective liability of the insurors, under the "other insurance" clauses referred to above, opining that "If a policy purports to grant general coverage, a better rule to insure protection for the public would be to pronounce that that policy is the primary insurer and any other as secondary." It concluded: 
"With the elimination of the exclusionary endorsement in the Bankers policy, we find that the clauses are not in hopeless conflict but rather put the carriers in their appropriate places on the ladder of liability. Third parties may pursue their claim against the Griffins with the liability of Bankers primary and that of Phoenix excess and we so decide." 202 So.2d at page 125.
By petition for certiorari on direct-conflict grounds, Bankers contends that the endorsement excluding Ulysses Griffin from coverage under its policy was valid, under the authority of the decisions cited in the first paragraph of this opinion. We agree and might well quash the decision here reviewed under the authority of such decisions without further discussion, as we did in American Fidelity Fire Insurance Company v. Hartman, supra, 185 So.2d 696.
But because there still appears to be come confusion among the Bench and the Bar respecting the scope and the impact of the Financial Responsibility Law, Ch. 324, Fla. Stat., F.S.A., and the decisions of this court defining the same, we comment as follows.
The Act does not contemplate or require compliance with the Act by an owner or operator of a motor vehicle, so long as he has never had an accident resulting in injuries for which such owner or operator is legally responsible. The sanctions of the Act are invoked only after such an accident, as is clearly set forth in the first paragraph of the Act, defining its purpose, as follows: 
"* * * so it is required herein that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges." Sec. 324.011, Fla. Stat., F.S.A. (Emphasis supplied.)
After such an accident, the owner or operator may rely upon an automobile liability insurance policy, a motor vehicle liability insurance policy, or a surety bond, to avoid suspension of his registration, if an owner, or his driver's license, if an operator, on account of such an accident. Sec. 324.091, and Sec. 324.051(2) (b), Fla. Stat., F.S.A.
The term "motor vehicle liability policy" is used in the Act to describe the insurance which is sufficient to meet the requirements thereof as proof of financial responsibility for the future. See Sec. 324.031(1), Fla. Stat., F.S.A. In order to qualify as a motor vehicle liability policy sufficient not only to provide coverage for a first accident but also to stand as proof of financial responsibility and provide coverage for future accidents, such policy must comply with Sec. 324.151(1) (c), Fla. Stat., F.S.A., and contain, among other provisions,
"* * * an agreement or be endorsed that insurance is provided in accordance with the coverage defined in this chapter *719 as respects bodily injury and death or property damage or both and is subject to all provisions of this chapter."
An "automobile liability policy" may be sufficient to avoid the sanctions of the Act following a first accident, as provided by Sec. 324.051(2) (b), Fla. Stat., F.S.A. But the fact that it is so relied upon by the insured does not have the effect of converting it into a "motor vehicle liability policy" containing by operation of law the provisions required by Sec. 324.151, supra, for such a policy, and subject to all the provisions of the Act. This section of the Act, in Subsection (2) thereof, expressly provides that
"(2) The provisions of this section shall not be applicable to any automobile liability policy unless and until it is furnished as proof of financial responsibility for the future pursuant to Section 324.031, and then only from and after the date said policy is so furnished." Sec. 324.151(2), Fla. Stat., F.S.A.
An insurance contract, like any other contract, must meet the requirements of law respecting offer and acceptance of the terms thereof. The parties may agree that the insurance coverage provided by the policy shall comply with the requirements of a financial responsibility law, in any state in which the coverage provided by the policy should accrue; and full effect will be given to such a "conformity clause" in any accident, including the first. See Howard v. American Service Mutual Insurance Company, Fla.App. 1963, 151 So.2d 682, 8 A.L.R.3d 382, cert. discharged by the Supreme Court, 162 So.2d 666. On the other hand, the conformity clause agreed upon by the parties may relate to and provide only for certification of the policy as proof of financial responsibility for the future under the provisions of a state's financial responsibility law. Under such a conformity clause, the fact that the insured relies upon the policy as coverage for his liability for and to avoid the sanctions of the Act in his first accident does not have the effect of "conforming" such policy to and reading into it all the requirements of the Act, as to such first accident. As noted above, the Act does not require an owner or operator of a motor vehicle to make sure that he can respond in damages, within the limits of the Act, for injuries resulting from his first accident. To hold that a "conformity clause" relating only to future accidents operates to conform an insurance policy to all the requirements of the Act as to a first accident, merely by being relied upon by the insured for coverage in such first accident, would be contrary to the spirit and intent of the Act and would, as well, allow the insured to vary the terms of his contract with the insuror, in violation of well settled principles of law. This court, and other District Courts of Appeal, have held to the contrary in several cases. See Lynch-Davidson Motors v. Griffin, Fla. 1966, 182 So.2d 7; American Fidelity Fire Insurance Company v. Hartman, Fla. 1966, 185 So.2d 696 (reversing Hartman v. American Fidelity Fire Insurance Company, Fla.App. 1965, 177 So.2d 376); Ohio Casualty Co. v. Keller, Fla.App. 1967, 199 So.2d 343; Financial Indemnity Company v. Pennsylvania National Mutual Casualty Insurance Company, Fla.App. 1966, 184 So.2d 514.
Both of the policies in the case sub judice contained a conformity clause providing only for certification of the policy as proof of financial responsibility for the future. It must be held, therefore, under the authority of the cited cases, that the provisions of our Financial Responsibility Law did not become a part of these policies by virtue of such conformity clause, and the parties were free to incorporate therein such clauses as were not prohibited by the Insurance Code, Ch. 627, Fla. Stat., F.S.A., or other applicable provisions of law. An exclusionary clause similar to that incorporated in the Bankers policy (and held invalid by the appellate court in the decision here reviewed) was involved in several of the cases cited above and held to be valid. Since the exclusionary *720 clause operated to relieve the insuror (Bankers) of its obligation under the insurance contract, it follows that no coverage was provided by the Bankers policy on account of the accidental injuries resulting from the operation of his wife's automobile by Ulysses Griffin.
Thus, the only coverage with respect to the liability for such injuries must be found in the Phoenix policy. (Statements made in the decision here reviewed indicate that the "Newly Acquired Automobiles" provision of that policy provides such coverage, although some argument to the contrary is made in Phoenix's brief, filed here). Since, in these circumstances, there is no question as to the impact of the "other insurance" clauses on the respective liability of Phoenix and Bankers under their policies, no discussion of the ruling of the appellate court on this question in the decision here reviewed is necessary or appropriate.
For the reasons stated, the decision here reviewed is quashed and remanded for further consideration not inconsistent with the views expressed herein.
It is so ordered.
CALDWELL, C.J., and THOMAS and ADAMS, JJ., concur.
ERVIN, J., dissents.