228 So.2d 288 (1969)
The HANOVER INSURANCE COMPANY, a Corporation, Appellant,
v.
Louise A. BRAMLITT, Lila T. Epperson, and Progressive Mutual Insurance Company, a Corporation, Appellees.
No. K-323.
District Court of Appeal of Florida. First District.
November 18, 1969.
Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Carl K. Staas, of Boyd, Jenerette & Leemis, Jacksonville, for appellees.
SPECTOR, Judge.
Appellant, Hanover Insurance Company, and appellee, Progressive Mutual Insurance Company, filed motions for summary judgment in this dispute over insurance coverage. The trial court entered its order denying appellant's motion and granting Progressive Mutual's motion. Reversal of said final judgment is sought by appellant.
The order being reviewed had the effect of holding appellant liable for injuries to its insured appellee, Louise A. Bramlitt, and her passenger appellee, Lila T. Epperson, under the uninsured motorist coverage in the liability policy it had issued to Bramlitt. They sustained said injuries in an accident with a car owned, but not driven, by a Mrs. Stephens who was insured by appellee, Progressive Mutual. Inherent in the trial court's ruling was the holding that a named driver exclusion endorsement attached *289 to Progressive Mutual's policy was valid and operative at the time of the accident. The named driver who was excluded by the endorsement was James Ray Stephens, husband of Progressive Mutual's insured. Said excluded husband was the driver of her car at the time of the accident.
If the named driver exclusion is valid, Progressive Mutual would not be liable for the claims arising while the husband was driving his wife's car and both Mr. and Mrs. Stephens would be uninsured persons as to the claims from the subject accident. Carrying the matter further, such status as uninsured persons would make the uninsured motorist clause in Hanover's policy to Bramlitt applicable. Under those circumstances, Hanover, the appellant, would be required to provide coverage for the injuries sustained by Bramlitt and her passenger to the extent of the limits of the uninsured motorist clause. On the other hand, if Progressive's named driver exclusion clause is invalid, then Progressive would be required to provide coverage and the Stephens would not be classed as uninsured persons and Hanover's uninsured motorist clause would not be applicable.
Thus, the question presented for our determination by this appeal is the validity of the named driver exclusion endorsement described above.
Prior to the Bramlitt accident on August 22, 1965, Mr. Stephens had owned an automobile in his name and he had been issued a liability insurance policy by Progressive Mutual. However, Mr. Stephens' insurance policy was cancelled by Progressive Mutual on January 25, 1965, because of his bad driving record. At the time of this cancellation, the Florida Financial Responsibility Division was notified by Mr. Stephens' carrier. Presumably, this notice was accomplished by the filing of a Form SR-26, the filing of which had the effect of rendering ineffective an earlier Form SR-22 filed by Progressive in Mr. Stephens' behalf as required by Chapter 394, Florida Statutes, as a condition precedent to the continuation of Mr. Stephens' right to operate or own a vehicle operated on the public highways of the State. The record herein indicates that at or about the time Mr. Stephens' insurance policy from Progressive and thus his driving privileges were cancelled, Mrs. Stephens acquired a car for herself and Progressive issued a liability policy to her as the named insured and applicable to her car, a 1960 Chevrolet. Mrs. Stephens' policy was numbered 6Q420289 and provided coverage from January 20, 1965, to January 20, 1966. On January 25, 1965, the said policy was certified to the State on a Form SR-22 as having been issued as required by the financial responsibility laws of the State. At that time of issuance, Mrs. Stephens' policy was not subject to any limitations or restrictions which would have excluded coverage for an accident occurring while her husband was driving. On the contrary, it contained a clause expressly defining the phrase "named insured" as including the spouse of the named insured.
Therefore, without more, Progressive would have been liable for coverage in an accident occurring while Mr. Stephens, the spouse of the insured, Mrs. Stephens, was driving. But, there was more. On March 22, 1965, Progressive attached an endorsement to Mrs. Stephens' policy stating as follows:
"It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by James Ray Stephens."
Mrs. Stephens countersigned her acceptance of the above endorsement as part of the insurance policy. It now seems to be the well settled law of this jurisdiction that an automobile liability insurance policy may contain a named driver exclusion clause unless such policy was issued pursuant to a requirement of the State's financial responsibility law. Bankers & Shippers Ins. Co. of New York v. Phoenix Assurance Co., 210 So.2d 715 (Fla. 1968). *290 Speaking of the financial responsibility law, Chapter 324, Florida Statutes, F.S.A., and its applicability, the court said at page 718:
"The Act does not contemplate or require compliance with the Act by an owner or operator of a motor vehicle, so long as he has never had an accident resulting in injuries for which such owner or operator is legally responsible. The sanctions of the Act are invoked only after such an accident, as is clearly set forth in the first paragraph of the Act, defining its purpose, as follows: 
"`* * * so it is required herein that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges.' Sec. 324.011, Fla. Stat., F.S.A. (Emphasis supplied.)"
In the case at bar there is nothing to indicate that Mrs. Stephens, the insured and the owner of the car involved, had ever had an accident as an owner or an operator, prior to the one here involved which occurred on August 22, 1965, so as to be required to show proof of financial ability to respond for damages in future accidents as a requisite to her future exercise of the privilege of operating or owning a car to be operated upon the public highways as required by Section 324.011 Florida Statutes, F.S.A. Until the law requires a person to demonstrate such financial ability, no insurance whatever is required to be carried under the laws of this State. Bankers & Shippers Ins. Co. of New York v. Phoenix Assurance Co., supra; Lynch-Davidson Motors v. Griffin, 182 So.2d 7 (Fla. 1966); American Fidelity Fire Insurance Co. v. Hartman, 185 So.2d 696 (Fla. 1966). [See Judge Swann's dissenting opinion in the Hartman case, 177 So.2d 376, in the District Court of Appeal before its reversal by the Supreme Court, supra.] When not required to be carried by law, a liability policy, if there be one, is voluntary and may contain such terms as may be agreeable to the parties thereto. It is only when a liability policy is required to be carried by law that the provisions of the policy must be in keeping with the law that requires the policy to be carried.
The cases cited in the above paragraph serve as ample authority for sustaining the validity of a named driver exclusionary clause in a voluntary policy, that is, a policy not required to be carried by the financial responsibility law. Such cases also provide ample authority for the proposition that a named driver exclusionary clause is invalid if the policy is one which is required by the financial responsibility law. In view of the absence of anything in this record from which it could be found that Progressive's policy to Mrs. Stephens was one which she was required to carry as a prerequisite to the continuation of her automobile driving and owning privilege, we must and do hold that the subject exclusionary clause is valid so as to withold the coverage from the subject accident.
It is persuasively argued by appellant that the provisions of the financial responsibility law are applicable to the policy issued by Progressive to Mrs. Stephens because of the filing of an SR-22 form with the State Financial Responsibility Division by Progressive on January 25, 1965. On its face, the said form certifies that the company "* * * has issued to the above named insured (Mrs. Stephens) a motor vehicle liability policy as required by the financial responsibility laws of this State, which policy is in effect on the effective date of this certificate". However, this argument overlooks the further fact that in the instant case Progressive filed a Form SR-26 with the state agency on March 22, 1965, notifying the officials administering the financial responsibility law that effective April 4, 1965, the company was cancelling or terminating the SR-22 certificate or notice of insurance theretofore (on January 25, 1965) filed with the State. It was *291 on the date said cancellation was filed that Progressive added and Mrs. Stephens agreed to the exclusionary clause excepting accidents occurring while Mr. Stephens was driving from the policy's coverage. As of April 4, 1965, the SR-22 filed January 25, 1965, stood cancelled. On July 12, 1965, Progressive filed another Form SR-22 with the Division of Financial Responsibility certifying that effective April 4, 1965, Mrs. Stephens had in effect a motor vehicle liability policy as required by the financial responsibility laws of this State. This second SR-22 notice differed from the earlier one filed January 25, 1965, in that the second one reflected after the name of the insured, that is, Sara Platt Stephens, the phrase "wife only" enclosed by parenthesis. Thus, it was clear that the notice filed on July 12 was an effort to incorporate within the SR-22 certification the fact that an exclusionary clause had been added to Mr. Stephens' liability policy. In other words, Progressive attempted to impinge upon the rule announced by the Supreme Court in Lynch-Davidson, supra, and like cases whereunder liability policies issued pursuant to and required by the financial responsibility law must conform to the coverages required by Section 324.151, Florida Statutes, F.S.A. On July 23, 1965, the Financial Responsibility Division returned the SR-22 form that was filed on July 12 back to Progressive for the stated reason that the said Form SR-22 was not required to be filed with the agency. It was after the last SR-22 certification was rejected by the agency that the accident herein occurred.
It seems clear to us that neither the SR-22 which was filed as to Mrs. Stephens on January 25, 1965, nor the one filed on July 12, 1965, were required by law to be filed as a prerequisite to the continuation of Mrs. Stephens' automobile driving or owning privilege. Obviously, Progressive's agent was under the mistaken belief that such a certification was necessary as to its insured, Mrs. Stephens. It is unnecessary for us to state now whether a mistakenly filed SR-22 certification would have the effect of conforming a liability policy to the minimum requirements of the financial responsibility law so as to render void exclusionary or other limiting clauses since the facts in the instant case show that at the time of this accident the SR-22 certification on Mrs. Stephens was no longer on file, the same having been rejected by the State because it was not required by law. Accordingly, we hold that the trial court correctly held that the named driver exclusionary clause in Mrs. Stephens' liability policy was valid and that therefore both Mr. and Mrs. Stephens were uninsured motorists at the time of the accident so as to render the appellant, Hanover Insurance Company, liable under the uninsured motorist clause of its own liability policy.
The judgment appealed is affirmed.
JOHNSON, C.J., and WIGGINTON, J., concur.