ON MOTIONS FOR REHEARING AND CLARIFICATION
NESBITT, Judge.
American Hardware contends that we have overlooked Bankers and Shippers Insurance Company of New York v. Phoenix Assurance Company of New York, 210 So.2d 715 (Fla.1968) which held that Section 324.151(2), Florida Statutes (1973) does not provide for liability on an insurance policy unless it was certified as proof of future financial responsibility. Appellees are correct but the contention is nonetheless immaterial to a proper disposition of the cause. American’s argument ignores that the policy in question did not contain a conformity clause in accordance with our decision in Howard v. American Service Mutual Insurance Co., 151 So.2d 682 (Fla.3d DCA 1963), cert. discharged, 162 So.2d 666 (Fla.1964), which was approved in Bankers and Shippers Insurance Company of New York v. Phoenix Assurance Company of New York, supra, at 719. The effect of the failure to include the conformity clause was to make American responsible for the first accident occurring after the policy issued. Consequently, American’s motion for rehearing is denied.
The remaining motions for rehearing are directed to the final paragraph of our opinion where, although we recognize that mutual noncovering “escape” clauses rendered such clauses repugnant and nugatory, we erroneously concluded that American Hardware’s policy provided coverage only up to minimum statutory requirements in effect at the time of the subject accident. That portion of our opinion is vacated and withdrawn and the following substituted:
Under the foregoing principles of law and the authorities cited, it is clear that American Hardware afforded primary coverage up to and including the amount of its policy limits and that State Farm is responsible for any excess up to its policy limits. The petitions for rehearing directed to this portion of our opinion are thereby granted.
In all other respects, we adhere to our original opinion.