SUAREZ, J.
United Automobile Insurance Company (“United Auto”) appeals a final summary judgment providing automobile bodily injury coverage in favor of the appellee, Jack Marin. We reverse. The policy in question provides separate coverage for bodily injury and property damage liability. Therefore, United Auto is not collaterally estopped from contesting bodily injury coverage where it has paid the property damage liability claim of Marin.
Carlos Reece’s 1998 Chevrolet Cavalier was insured under a policy of automobile insurance with United Auto from October 6, 2006, through October 6, 2007. The declaration page of the policy shows that Mr. Reece paid separate insurance premiums for bodily injury liability, property damage liability and personal injury protection (“PIP”). Mr. Reece listed his wife, Angela Reece, as a driver under the Named Driver Exclusion.[1] Under the exclusion, none of the coverages provided by the policy were available to Ms. Reece while operating the automobile except for PIP and property damage liability. While driving the insured motor vehicle, on March 24, 2007, Ms. Reece was involved in an automobile accident with Jack Marin. Marin sued the Reeces for negligence, claiming damages for bodily injury and property damage to his vehicle. Marin and United Auto, on behalf of the Reeces, settled his property damage liability claim and executed a release in exchange for the *82 payment of $400.00.[2] United Auto then brought a separate declaratory action to determine if the policy provided coverage for Marin’s bodily injury claim against the Reeces. On March 20, 2008, based on the Named Driver Exclusion, United Auto filed a motion for summary judgment alleging that the policy did not afford bodily injury liability coverage for the accident. Marin filed a Response and Cross Motion for Summary Judgment on grounds that United Auto was collaterally estopped from denying bodily injury liability coverage because it had settled and paid the property damage claim. The trial court granted summary judgment in favor of Marin, finding the loss covered under the policy. We disagree with the trial court and reverse.
It is well settled that an automobile insurance policy with separate coverages and separate premiums for property damage, PIP, and bodily injury is a divisible policy. See Flores v. Allstate Ins. Co., 819 So.2d 740 (Fla.2002). Under a divisible automobile insurance policy, an insurer may properly be obligated to pay one type of benefit without being obligated to pay another type of benefit. See Nationwide Mut. Ins. Co. v. Race, 508 So.2d 1276 (Fla. 3d DCA 1987) (determining that carrier was not collaterally estopped from denying uninsured motorist benefits by paying PIP benefits), approved, 542 So.2d 347 (Fla. 1989). Thus, United Auto’s payment of the property damage claim does not render it collaterally estopped from denying bodily injury coverage based on the Named Driver Exclusion.
Moreover, exclusionary denial of coverage for property damage does not apply because coverage for property damage is mandatory pursuant to Florida’s Financial Responsibility Law. § 324.022, Fla. Stat. (2008) (“Every owner or operator of a motor vehicle required to be registered in this state shall establish and maintain the ability to respond in damages for liability on account of accidents arising out of the use of the motor vehicle in the amount of $10,000 because of damage to, or destruction of, property of others in any one crash.”); see Hanover Ins. Co. v. Bramlitt, 228 So.2d 288, 290 (Fla. 1st DCA 1969) (“When not required to be carried by law, a liability policy ... is voluntary and may contain such terms as may be agreeable to the parties.”). Since United Auto’s property damage liability coverage was statutorily mandated by section 324.022, it was prevented from excluding property damage liability coverage and it consequently paid that claim. Thus, the Named Driver Exclusion applies exclusively to the bodily injury coverage. The fact that United Auto paid the property damage claim does not determine its obligation to pay the bodily injury liability claim because the bodily injury coverage is not statutorily mandated. The bodily injury coverage is controlled by an agreed-to separate exclusionary clause in the policy, was paid for by a separate premium, and was rightfully excluded from coverage. Thus, the trial court erred when it determined that there was coverage for bodily injury. The final summary judgment in favor of Jack Marin is therefore reversed.
Reversed and remanded.

.
Named Driver Exclusion This means that none of the coverage, except for Personal Injury Protection Damage afforded by the policy, will apply to any damage, losses or claims of any persons or organization caused while any motor vehicle insured by this policy is being used or operated by the excluded driver(s) listed below. Coverage for claims under Liability for Property Damage arising from an accident or loss that occurs while a vehicle is being operated by the excluded driver(s) shall be limited to $10,000.

. Marin admits that the question of coverage for his bodily injury claim had not been previously litigated in the negligence action he brought against the Reeces.