**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, a Pennsylvania corporation, Plaintiff,**

v.

**Raymond L. SHARROW et al., Defendants.**

**Civ. No. 65–186.**

United States District Court
S. D. Florida.

Oct. 22, 1965.

Sherouse & Corlett, Miami, Fla., for plaintiff.

Copeland, Therrel, Baisden & Peterson, Miami Beach, Fla., for defendants Raymond L. Sharrow and Madeline Sharrow.

Jack M. Bernard, Miami, Fla., for defendants Rosemary Lazar, Theodore Kipnis, Arthur Lowell and Doretha Jones.

Robert M. McClosky, Miami Beach, Fla., for defendant Marv's Automotive Laboratory, Inc.

MEHRTENS, District Judge.

This is an action by the plaintiff insurer for a declaratory decree that the plaintiff is under no obligation or duty to appear and defend any suits or claims

arising out of an automobile accident which occurred March 17, 1964, involving the defendants, Peter Michael Sharrow, a minor, Doretha Jones, Yvonne Jones, Alberta Parker, and David Lazar, a minor. This Court has jurisdiction over the parties to and the subject matter of this cause.

This cause came on to be heard upon the Motion of the plaintiff for Summary Judgment. The Court having heard argument of counsel for both sides, having examined the pleadings, affidavits, depositions, and having questioned counsel in open court, finds that there is involved between the plaintiff and defendants no genuine issue as to the following facts:

1. On January 21, 1964, plaintiff issued to the defendant, Raymond L. Sharrow, a certain policy of automobile liability insurance bearing No. ACF–963785a, effective for a period of twelve months. The policy contains an insuring agreement, to-wit:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. Bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

B. Injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage';

arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * *."

That, further, the policy contains an exclusion clause which reads as follows:

"Exclusions: this policy does not apply under Part 1:

(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in

(1) the automobile business of the insured or of any other person or organization."

A non-owned automobile is defined in the policy as:

"an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

2. The defendant, Peter Michael Sharrow, the son of the named insured, Raymond L. Sharrow, was employed by the defendant, Marv's Automobile Laboratory, Inc., on a part-time basis. His general duties were to help clean up, assist the mechanics and to run errands.

3. On or about March 17, 1964, Peter, while operating an automobile in the course of his employment, was involved in an automobile accident. The automobile that Peter was driving was owned by the defendant, R. G. Kase, and on that occasion, as well as numerous other occasions, was regularly made available to Marv's Automotive Laboratory, Inc. to be used by the employees of that corporation in its automobile business.

4. As a result of the accident, Peter was named as one of the defendants in at least one of three law suits presently pending in the Circuit Court in and for Dade County, Florida.

5. Under the exclusion clause set out above, the insurer is absolved from liability if at the time of the accident:

(1) the automobile involved was a non-owned automobile, and

(2) it was being used by either the named insured or any relative while employed in or otherwise engaged in the automobile business.

6. With regard to No. 2 above, at the time of the accident in question, Peter was using the automobile in the course of his employment with Marv's Automobile Laboratory, Inc., an automobile business.

7. With regard to No. 1 above, in determining whether the automobile was a non-owned automobile within the meaning of the policy, it is first necessary to resolve the issue of whether, under the policy, in order for the automobile in

question to be a non-owned automobile it must have been one that was furnished for the regular use of Peter, or whether, regardless of Peter's prior use, such automobile was one that was furnished for regular use in the automobile business of Marv's Automobile Laboratory, Inc. by its employees, of which Peter was one.

8. Although the policy states that a non-owned automobile is one not owned by "or furnished *for the regular use of either the named insured or any relative \* \* \*,*" the courts have consistently held that proof of the fact that the automobile was furnished for the regular use of the employees of a business generally, regardless of whether it was provided for the regular use of the particular employee involved in an accident, is sufficient to sustain a finding that the automobile was a non-owned automobile within the meaning of the policy. Blackwell v. United States, 321 F.2d 96 (5th Cir. 1963); Voelker v. Travelers Indemnity Co., 260 F.2d 275 (7th Cir. 1958); Commercial Ins. Co. of Newark, N. J. v. Gardner, 233 F.Supp. 884 (E.D.S.C. 1964).

■ 9. It affirmatively appearing from the record that Peter was driving the automobile in question in the course of his employment with Marv's Automobile Laboratory, Inc., and that the automobile had been regularly provided for use in that corporation's automobile business by its employees, the Court concludes that at the time of the accident in question, the automobile involved was a non-owned automobile within the meaning of the policy and, therefore, the exclusionary clause operates to absolve the plaintiff from liability under the policy.

10. In an effort to assert a waiver or estoppel on the part of the plaintiff, the defendants, Raymond L. Sharrow and Madeline G. Sharrow, his wife, the mother and father of Peter, stated that they advised the Ben Battle Insurance Agency that Peter was their son and at the time they purchased the policy they inquired of that agency "as to whether our son, Peter Michael Sharrow, would be covered by said policy while driving an automobile not owned by us", and were advised by the agency that Peter was so covered.

■■ 11. Such representation is not construed by the Court to constitute a misrepresentation inasmuch as Peter would be covered by the policy, subject to the exclusions therein, while driving an automobile not owned by his parents. Even if the agency had extended coverage of the policy by oral representation, such representation would not constitute waiver or estoppel. The doctrine of waiver and estoppel is not available to an insured when its effect would be to provide coverage where such coverage is expressly excepted or excluded from the terms of the policy. Reliance Mutual Life Ins. Co. of Ill. v. Booher, 166 So.2d 222 (DCA Fla. 2, 1964); Reisman v. New Hampshire Fire Ins. Co., 312 F.2d 17 (USCA 5, 1963); Peacock & Peacock, Inc. v. Stuyvesant Ins. Co., 332 F.2d 499 (USCA 8, 1964); 18 Fla.Jur. § 277; 45 C.J.S. Insurance § 474.

It is therefore ordered, adjudged and decreed that:

1. Plaintiff's Motion for Summary Judgment be and the same is hereby granted.

2. The plaintiff is under no obligation or duty to appear and defend any suits or claims growing out of the accident in question on behalf of the defendant, Peter Michael Sharrow, a minor, or his parents, defendants Raymond L. Sharrow and Madeline G. Sharrow, or to assume any liability for the acts of said defendants at the time of the accident.

3. The plaintiff is under no obligation to continue with the defense of the actions presently pending in the Circuit Court in and for Dade County, Florida against the defendants, Peter Michael Sharrow, a minor, Raymond L. Sharrow and Madeline G. Sharrow, which actions resulted from the accident in question.