SPECTOR, Judge.
This is an appeal from a final judgment in a declaratory action between two automobile liability carriers. The lower court held that appellant had the primary insurance coverage for all of the insureds here involved.
Appellant issued a liability policy to one Mrs. Strickler. The said policy had a clause excluding from its coverage any person not related to the insured by blood, marriage, or adoption. Mrs. Strickler’s daughter, Judy, permitted her friend, Janet Hansen, to drive the car so insured by Safe-co. Janet Hansen was not a member of the Strickler family within the exclusionary clause mentioned above. An accident occurred while Miss Hansen was driving, as a result of which a suit for damages against her and Mrs. Strickler was filed by one Ronald William Morrison and his father.
Appellee Hawkeye had issued an automobile liability policy to Miss Hansen’s *760 mother which expressly provided coverage for Miss Hansen even when she was driving an automobile owned by someone else, as was the case in the accident which precipitated this action. By its complaint, ap-pellee alleged that appellant Safeco had primary coverage and that it had tendered defense of the Morrison’s suit against Miss Hansen and Mrs. Strickler to Safeco but the latter had refused, relying upon the exclusionary clause in its policy to Mrs. Strickler which reads as follows:
“Notwithstanding any contrary provision in the policy, insurance for bodily injury liability and property damage liability shall not apply to any person who is not a member of the named insured’s family related by blood, marriage or adoption.”
The complaint concluded with the prayer that the court declare that the defendant Safeco had primary coverage under its policy issued to Mrs. Strickler and should therefore be required to assume the defense of all parties defendant in the suit for damages brought by the Morrisons. Additionally, Hawkeye asked the court to adjudge that its liability, if any, be limited to excess coverage over that provided by the defendant Safeco’s policy.
In response, the defendant Safeco counterclaimed for an adjudication that Hawk-eye’s coverage was primary and that the latter should defend the damage action; and, further, Safeco asked the court to rule that its coverage, if any, was in excess of the coverage provided by plaintiff Hawkeye’s policy in consequence of which its liability should be limited to that which might be in excess of the plaintiff’s.
As indicated in the forepart of this opinion, the lower court held that Safeco is the primary insurer and has primary coverage for both the owner, her daughter, and the driver, Miss Hansen, in the case brought against them by the Morrisons. In arriving at its decision, the lower court considered the issues raised by the pleadings and the policies issued by the appellant and ap-pellee.
The trial court made no expression of the basis for its order; however, it is apparent from the pleadings and the briefs that the court ruled Safeco’s exclusionary clause invalid as against the public policy of this State as reflected in the Financial Responsibility Law, Chapter 324, Florida Statutes, F.S.A., requiring owners and operators of a motor vehicle to comply with such statutory provisions.
For reversal, appellant relies upon the exclusionary clause set out above and urges that the court erred in holding Safe-co primarily liable for Miss Hansen. We agree with appellant’s position that the ten- or of its exclusionary clause is such that its insurance does not apply to Miss Hansen, it being undisputed that she is not a member of the insured’s (Mrs. Strickler) family within the latter’s policy provisions.
In Lynch-Davidson Motors v. Griffin, 182 So.2d 7 (1966), our Supreme Court reaffirmed its earlier pronouncements that the Financial Responsibility Law, Chapter 324, Florida Statutes, F.S.A., was applicable only as to future accidents after observing that every owner or operator of a motor vehicle is allowed one “free” accident, “ * * * that is, one uninsured accident. * * *” The court stated at page 8:
“The sanctions or compulsions of the Financial Responsibility Law are not involved unless and until the owner or operator is involved in an accident; until that occurs, he is at liberty to own or operate a motor vehicle without any insurance coverage whatsoever, or with as little coverage as desired.”
The cited language from Lynch-Davidson, supra, makes it abundantly clear that an automobile liability insurer and its insured may agree upon the terms and conditions of the contract between themselves, including such exclusions from coverage as they may agree to, and in doing so not be in conflict with the public policy of this State as embodied in the Financial Respon *761 sibility Law until such time as the latter statutory scheme becomes applicable by its own terms. The futuristic attribute of the Financial Responsibility Law was fashioned by the legislature, and it is not the function of the judiciary to recast its provisions.
The rule of law discussed above leads to appellee’s contention that even if the exclusionary clause contained in Safe-co’s policy can be regarded as valid prior to the invocation of Chapter 324, the burden is upon the carrier asserting the exclusionary clause to prove that its efficacy is not defeated by the Financial Responsibility Law. We take the opposite view. Since the exclusionary clause in the case at bar is a part of the insurance contract considered by the trial court and no objection appears to have been made for the record to its consideration by the trial court, we think it is rather late to assert its inapplicability for the first time on appeal. If appellee’s defense to the exclusionary clause rests upon the Financial Responsibility Law, it has the burden of alleging and proving that appellant’s policy was issued in response to the mandate of Chapter 324 and, therefore, that the exclusionary clause is in derogation of such public policy. The record before us being devoid of any showing that appellant’s policy was certified as one issued.to the owner of the car in question, we find no basis for not giving the exclusionary clause meaning and effect.
Accordingly, on the state of the record in the case before us, we hold that the exclusionary clause in appellant’s policy validly withholds appellant’s insurance coverage from Miss Hansen, and appellee having issued its policy expressly including Miss Hansen as a named insured has primary coverage for her. As to the Sticklers, however, no error has been shown by the appellant in that part of the order appealed holding appellant primarily responsible for any liability which may be imposed upon the Stricklers by reason of their ownership of the vehicle involved in the accident. See Spurgeon v. State Farm Mutual Insurance Company, 169 So.2d 343 (Fla.App.lst 1964).
Affirmed in part and reversed in part.
RAWLS, Acting C. J., and JOHNSON, J., concur.