267 So.2d 105 (1972)
Aris Emanoli MAKRIS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and George Vamvoris, Appellees.
No. 72-114.
District Court of Appeal of Florida, Third District.
August 22, 1972.
Gus Efthimiou, Jr., Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and Richard J. Thornton; Tobin & Jaffe, Coral Gables, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The question to be determined on this appeal is whether an automobile insurance policy which has been certified as coverage under an SR-22 form filed pursuant to Fla. Stat. § 324.151(1), F.S.A., may have exclusions to coverage. The question arose in the following manner. A motor vehicle collision occurred in which the *106 plaintiff-employee, George Vamvoris, was a passenger in an automobile owned and driven by his employer, the defendant-appellant, Aris Emanoli Makris. Since Makris possessed an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company, Vamvoris sued defendant-appellee State Farm as well as defendant-appellant Makris in the ensuing personal injury action. State Farm defended on the theory that its insurance policy specifically excluded liability coverage for injuries suffered by Vamvoris while he was working in the scope of his employment. The exclusion in the policy reads as follows:
"This policy does not apply:
* * * * * *
"(g) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of
(1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or
(2) other employment by the insured;"
* * * * * *
Subsequently, on defendant-appellee State Farm's motion, the trial court entered a summary final judgment holding that the exclusion was valid, and that the policy did not afford bodily injury coverage for plaintiff Vamvoris because he was an employee of defendant-appellant Makris at the time of the accident.[1] This appeal followed.
*107 The appellant contends that the insurance policy in the case sub judice must comply with the Financial Responsibility Law, Chapter 324, Florida Statutes, F.S.A., and, therefore, being issued after the "first accident," must include ten thousand dollars in coverage to protect the insured owner in the event of a future automobile accident causing bodily injury to any one individual. Fla. Stat. §§ 324.011, 324.021(7), 324.021(8), 324.151(1) (a). He argues that the exclusion provision in the policy quoted previously is contrary to statutory command in that it provides no liability coverage for the owner merely because he is an employer. Appellant anchors his argument on the holdings in Bankers and Shippers Insurance Company of New York v. Phoenix Assurance Company of New York, Fla. 1968, 210 So.2d 715; Howard v. American Service Mutual Insurance Company, Fla.App. 1963, 151 So.2d 682; and, Lynch-Davidson Motors v. Griffin, Fla. App. 1965, 171 So.2d 911.[2]
Conversely, the appellee urges that if the Legislature of the State of Florida had intended to include absolute liability language in Chapter 324, Florida Statutes, F.S.A., it would have clearly written such language into the chapter. State Farm argues that when the legislature enacted this chapter, it had to be fully cognizant of the fact that all insurance policies contain exclusionary provisions, and offers as an example the requirement that "all such motor vehicle liability policies shall state ... the coverage afforded by the policy." Fla. Stat. § 324.151(1) (c), F.S.A. State Farm insists that in the absence of clear statutory language forbidding all exclusionary provisions, a judicial holding expressing this viewpoint is judicial legislation, and is not a function of the courts. State Farm supports its argument by relying on decisions which hold that the provisions of an insurance policy excluding coverage for bodily injury to an employee while acting in the scope of his employment are valid. See Stewart v. Liberty Mutual Insurance Company, 256 F.2d 444 (5th Cir.1958); Allison v. Imperial Casualty and Indemnity Company, Fla.App. 1969, 222 So.2d 254; General Insurance Company of America v. Reid, Fla.App. 1968, 216 So.2d 41; Griffin v. Speidel, Fla. 1965, 179 So.2d 569.
We hold that the trial court incorrectly stated the law as established by the Supreme Court of Florida by holding that the exclusion was valid and enforceable even though the policy had been certified as proof of financial responsibility for the future under the Financial Responsibility Law. In Roth v. Old Republic Insurance Company, Fla. 1972, 269 So.2d 3 filed May 3, 1972, the Supreme Court of Florida quashed an opinion of this court in which we held that although the owner's liability policy was, prior to the accident certified for future financial responsibility under Fla. Stat. § 324.031, F.S.A., the insurance coverage was not extended so as to provide indemnification when the damage is caused through the negligence of a lessee's permitee who was not authorized to drive the vehicle under an agreement between the owner and lessee. In so holding, the Supreme Court said:
* * * * * *
"We believe that Plax's protection afforded by Old Republic for which he paid a premium necessarily inures to Roth, to whom Plax entrusted the motor vehicle; that the collateral or side agreement between Plax and Yellow Rent-A-Car for public policy reasons cannot vary, circumvent or intercept the flow of protection to Roth and injured members of the public emanating from *108 the Financial Responsibility Law which was confirmed by the terms of the policy issued by Old Republic."
* * * * * *
See also Bankers and Shippers Insurance Company of New York v. Phoenix Assurance Company of New York, Fla. 1968, 210 So.2d 715; Lynch-Davidson Motors v. Griffin, Fla.App. 1965, 171 So.2d 911, rev'd, Fla. 1966, 182 So.2d 7; Howard v. American Service Mutual Insurance Company, Fla.App. 1963, 151 So.2d 682. Cf. Hanover Insurance Company v. Bramlitt, Fla.App. 1969, 228 So.2d 288; Safeco Insurance Company of America v. Hawkeye-Security Insurance Company, Fla.App. 1969, 218 So.2d 759.
In Howard v. American Service Mutual Insurance Company, supra, a case resembling the case at bar, the court offered the following illuminating discussion and holding:
* * * * * *
"The trial judge granted a summary final judgment in favor of the defendant upon his finding, as a matter of law, that the policy in question did not cover Bajnick for an accident occurring while the vehicle was being driven by someone other than his immediate family, which Kellar was not. While the policy contained a clause stating in part that it `shall comply with the financial responsibility law of any state or province which shall be applicable', the trial judge determined that the financial responsibility law of Florida was not applicable until after the insured became involved in his first accident and, therefore, such clause in the policy did not extend coverage to include this accident. Plaintiff appeals from the summary final judgment.
"It is clear that the policy in question did not cover Bajnick while his vehicle was being driven by Kellar unless, under `Condition 4', our financial responsibility law is applicable and has the effect of broadening the coverage of the policy so as to include liability to the plaintiff from this accident. We so hold."
* * * * * *
Recognizing the fact that the policy in the case at bar was issued after the "first accident" had occurred, it is informative to examine the reasoning of the Howard court in reference to the clause which was analyzed in that case:
* * * * * *
"We must assume that `Condition 4' was inserted in the policy for a purpose. To interpret such clause as becoming effective only after an accident has occurred would make the clause meaningless. After an accident has occurred this type of clause is not needed to render an insurer liable because full coverage would be required in order to provide proof of financial responsibility. Where the terms of an insurance policy are susceptible to two interpretations, that interpretation which sustains the claim for indemnity will be adopted. Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138. Any ambiguity or uncertainty in an insurance policy must be resolved against the insurer. Continental Cas. Co. v. Phoenix Const. Co., 46 Cal.2d 423, 296 P.2d 801, 57 A.L.R.2d 914 (1956).
"Further, it has been declared that legislative acts, remedial in nature, and in the public interest, must be liberally construed to the end of fostering its objectives. See Continental Cas. Co. v. Phoenix Const. Co., supra."
* * * * * *
These cases support the proposition that once an automobile liability policy is certified as proof of financial responsibility for the future under the Florida Financial Responsibility Law, it becomes an insurance policy for the benefit of the public using the highways of this State. Therefore, it may not contain exclusions which destroy the effectiveness of the policy as to any substantial segment of that public. *109 It follows that to find State Farm's employee exclusion provision a valid provision, would be to limit the efficacy of the certified policy, so that all persons who were injured while the employee was driving the car would be without remedy. This result is in derogation of the Florida Financial Responsibility Law and is therefore against the public policy of the State of Florida.
Since we have decided that the trial court erroneously interpreted the law in holding the employee exclusion provision valid, we find that the summary final judgment entered by the trial court must be reversed. We need not determine appellant's second point which urges that State Farm was estopped to deny coverage because of certain factual matters before the court at the time. Nevertheless, for the benefit of the future progress of this case, we have examined appellant's second point and find that it does not of itself present reversible error.
The summary final judgment is reversed, and the cause remanded for future proceedings involving appellant's cross-claim and appellee's response thereto.
Reversed and remanded.
NOTES
[1] The summary final judgment reads as follows:

* * * * *
"1. As to the claim of Plaintiff against STATE FARM, there are no genuine issues of material fact and said Defendant is entitled to judgment as a matter of law. Exclusion (g) of the policy applies because, as the Complaint alleges, Plaintiff was injured while riding as a passenger in a car owned and operated by the Defendant, MAKRIS, the named insured, while Plaintiff was in the course of his employment by MAKRIS. Exclusion (g) is valid and enforceable. Griffin v. Speidel, 179 So.2d 569 (Fla. 1965); see also General Insurance Company of America v. Reid, 216 So.2d 41 (Fla.App. 4, 1968); Allison v. Imperial Casualty [& Indem.] Co., 222 So.2d 254 (Fla.App. 4, 1969); Stewart v. Liberty Mutual Insurance Co., 256 F.2d 444 (5 Cir.1958). Therefore, there is no liability coverage under the policy. Accordingly, summary final judgment is hereby entered in favor of STATE FARM against Plaintiff. As to the Defendant, STATE FARM, Plaintiff shall take nothing by his Complaint and said Defendant shall go hence without day.
"2. At the hearing of October 28, 1971, Cross-plaintiff made an ore tenus motion for summary judgment against STATE FARM, asserting that coverage exists because MAKRIS' policy had been certified as proof of financial responsibility for the future as reflected by an SR 22. The hearing was continued to allow Cross-plaintiff to perfect the record by obtaining and filing said SR 22. This was done; and, on December 9, 1971, after due notice and without objection, the Court considered the SR 22 and the parties' contentions with respect thereto. Filing of said SR 22 does not change the result, and Cross-plaintiff's ore tenus motion for summary judgment is denied.
"3. The Cross-claim of MAKRIS against STATE FARM is hereby dismissed with prejudice and without leave to amend. MAKRIS does not seek leave to amend and has nothing additional to allege. Dismissal is based upon the reasons and authorities set forth in paragraphs 1 and 2 hereof and the rule that estoppel and waiver do not apply to create coverage where none exists. Even if STATE FARM has engaged in conduct which would, if proven, preclude it from declaring a forfeiture or breach of some condition subsequent, such conduct cannot be considered as creating coverage where, as here, coverage is expressly and without ambiguity excluded from the policy. See 18 Fla. Jur. `Insurance' § 277; U.S. Casualty Co. v. Godwin, 158 Fla. 64, 27 So.2d 612 (1946); Reisman v. New Hampshire Fire Insurance Co., 312 F.2d 17 (5 Cir. 1963); Birmingham Fire Insurance Co. of Pennsylvania v. Sharrow, 249 F. Supp. 429 (S.D.Fla. 1965). Accordingly, MAKRIS' Crossclaim against STATE FARM is dismissed with prejudice."
* * * * *
[2] This decision was quashed by the Supreme Court of Florida on the ground that the insurance policy was not certified as proof of financial responsibility for the future under the Financial Responsibility Law. See Lynch-Davidson Motors v. Griffin, Fla. 1966, 182 So.2d 7.