290 So.2d 96 (1974)
Carrie Mae ENNIS, a Minor, by Her Father and Next Friend, James B. Ennis, and James B. Ennis, Individually, Appellants,
v.
Russell CHARTER et al., Appellees.
No. T-45.
District Court of Appeal of Florida, First District.
February 21, 1974.
*97 Michael C. Maher and Leonard Vincenti, of Maher & Overchuck, Orlando, for appellants.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, and Daniel C. McCormic, Wildwood, for appellees.
WIGGINTON, Associate Judge.
Appellants, who were plaintiffs in the trial court, have appealed a summary final judgment rendered in favor of appellee, Universal Underwriters Insurance Company. The sole point on appeal challenges the correctness of the trial court's holding that an exclusionary clause contained in the policy of automobile liability insurance issued by Universal is valid and binding in all respects and excludes appellants from coverage thereunder.
The minor plaintiff, Carrie Mae Ennis, was injured while riding as a passenger on a motorcycle owned by defendant-Charter and operated by defendant-Howard. In her suit for damages, plaintiff alleged simple and gross negligence on the part of Howard as the operator of the vehicle and joined Charter and his liability insurance carrier as defendants.
As one of the defenses interposed by it, Universal pleaded affirmatively that the policy of liability insurance issued by it to Charter and covering the motorcycle in question excluded and did not apply to bodily injury sustained by a passenger or rider while riding on the vehicle. In the declaration section of the insurance policy, there appears in boldface type: "THIS POLICY DOES NOT APPLY TO BODILY INJURY TO RIDERS". Contained within the exclusion section of the policy is the following provision:
"Exclusions: This policy does not apply under Part I:
* * * * * *
"(C) to bodily injury to any person while on or getting on or alighting from the insured vehicle."
In their reply to the foregoing affirmative defense pleaded by defendant, Universal, plaintiffs alleged: "That if said exclusion is contained in the policy issued to Russell Charter, it is contrary to public policy and does not conform with the Financial Responsibility Laws and general insurance laws". Universal filed its motion for summary judgment, alleging that upon the basis of the pleadings, the insurance policy issued by it, admissions of the parties and other evidence in the file, there was no genuine issue of any material fact and that it was entitled to judgment as a matter of law. From the summary final judgment rendered in favor of Universal pursuant to its motion therefor, the plaintiffs have appealed.
It should be noted at the outset that the insurance policy involved in this *98 proceeding was issued and the cause of action sued upon accrued during the period of time when Florida's Financial Responsibility Law was in full force and effect and prior to the adoption by the legislature in 1972 of the Florida Automobile Reparation Act. Our decision will therefore necessarily be controlled by the terms and provisions of the former statute and not by the latter.
Basically it is appellants' position that both the automobile responsibility act and the automobile reparation act require as a matter of state policy that all automobile liability insurance policies provide adequate protection for damages caused by the use and operation of motor vehicles on the highways of this state, and that any provision contained in such insurance policies which tends to diminish the insurance carrier's responsibility should be held to be discriminatory, contrary to the public policy of the state, and therefore void and unenforceable.
Florida's financial responsibility law in Section 324.011 thereof states the purpose of the chapter to require:
"... that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges."
The foregoing provision specifically provides that the proof required of the owner and operator of a motor vehicle of his ability to respond for such damages as his use and operation of the vehicle may cause shall apply only to future accidents as a requisite to his future exercise of the privilege of using the streets, roads, and highways of this state. Proof of such responsibility does not extend to prior accidents which may have been caused by the owner's or operator's negligence in the maintenance and use of his vehicle.
Section 324.151(2) of the financial responsibility law states:
"The provisions of this section shall not be applicable to any automobile liability policy unless and until it is furnished as proof of financial responsibility for the future pursuant to § 324.031, and then only from and after the date said policy is so furnished."
In the case of Lynch-Davidson Motors v. Griffin,[1] this court held that under the financial responsibility law of this state, an automobile liability insurance policy which purported to exclude coverage as to certain classes of operators of the insured vehicle was contrary to the public policy established by the financial responsibility law. Our decision was reviewed by the Supreme Court and quashed. In so doing, that court held:
"... [O]ur Financial Responsibility Law, like that of many other states, does not provide for compulsory liability insurance as a condition precedent to owning or operating a motor vehicle. Every owner or operator of a motor vehicle is allowed one `free' accident (that is, one uninsured accident  although he must, of course, respond in damages, from what assets he owns, for injuries to persons or property for which he is legally liable). The sanctions or compulsions of the Financial Responsibility Law are not invoked unless and until the owner or operator is involved in an accident; until that occurs, he is at liberty to own or operate a motor vehicle without any insurance coverage whatsoever, or with as little coverage as desired. That this is the legislative intention is abundantly clear from the stated purpose of the Act  to require an owner or operator of a motor vehicle involved in an accident to `show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges'  (emphasis added) Sec. 324.011, F.S.A. See also a *99 clarifying amendment to Section 324.151, adopted of the 1965 session of the Legislature, Ch. 65-489, Acts of 1965, stating in unambiguous terms that
"`(2) The provisions of this section shall not be applicable to any automobile liability policy unless and until it is furnished as proof of financial responsibility for the future pursuant to section 324.031, and then only from and after the date said policy is so furnished.'"[2]
In Lynch-Davidson there was no proof nor contention that the insurance policy sued upon had been certified as proof of financial responsibility following a first accident by the insured vehicle as provided in F.S. Section 324.151, F.S.A. For this reason the provisions of the financial responsibility law were not applicable to that insurance policy, and, therefore, the exclusionary provisions of the policy were held to be valid and enforceable. A similar result was reached by the Third District Court of Appeal on similar facts in the case of Financial Indemnity Company v. Pennsylvania National Mutual Casualty Insurance Company.[3]
In the later case of Bankers and Shippers Insurance Company v. Phoenix Assurance Company,[4] our Supreme Court again had occasion to interpret what effect, if any, the financial responsibility law had upon an exclusionary clause appearing in an automobile liability insurance policy. In that case the policy specifically excluded coverage for occurrences which took place while the vehicle was being operated by a named individual. There was no evidence in the case that the owner of the insured vehicle had ever been involved in a prior accident or that the insurance policy had been certified as proof of financial responsibility under the terms of the law. In explaining the purpose of the Act itself, the Supreme Court said:
"The Act does not contemplate or require compliance with the Act by an owner or operator of a motor vehicle, so long as he has never had an accident resulting in injuries for which such owner or operator is legally responsible. The sanctions of the Act are invoked only after such an accident, as is clearly set forth in the first paragraph of the Act, defining its purpose, as follows: 
"`* * * so it is required herein that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges.' Sec. 324.011, Fla. Stat., F.S.A. (Emphasis supplied.)
"After such an accident, the owner or operator may rely upon an automobile liability insurance policy, a motor vehicle liability insurance policy, or a surety bond, to avoid suspension of his registration, if an owner, or his driver's license, if an operator, on account of such an accident. Sec. 324.091, and Sec. 324.051(2)(b), Fla. Stat., F.S.A."
In upholding the validity of the exclusionary clause contained in that insurance policy, the court said:
"An insurance contract, like any other contract, must meet the requirements of law respecting offer and acceptance of the terms thereof. The parties may agree that the insurance coverage provided by the policy shall comply with the requirements of a financial responsibility law, in any state in which the coverage provided by the policy should accrue; *100 and full effect will be given to such a `conformity clause' in any accident, including the first. See Howard v. American Service Mutual Insurance Company, Fla.App. 1963, 151 So.2d 682, 8 A.L.R.3d 382, cert. discharged by the Supreme Court, 162 So.2d 666. On the other hand, the conformity clause agreed upon by the parties may relate to and provide only for certification of the policy as proof of financial responsibility for the future under the provisions of a state's financial responsibility law. Under such a conformity clause, the fact that the insured relies upon the policy as coverage for his liability for and to avoid the sanctions of the Act in his first accident does not have the effect of `conforming' such policy to and reading into it all the requirements of the Act, as to such first accident. As noted above, the Act does not require an owner or operator of a motor vehicle to make sure that he can respond in damages, within the limits of the Act, for injuries resulting from his first accident. To hold that a `conformity clause' relating only to future accidents operates to conform an insurance policy to all the requirements of the Act as to a first accident, merely by being relied upon by the insured for coverage in such first accident, would be contrary to the spirit and intent of the Act and would, as well, allow the insured to vary the terms of his contract with the insuror, in violation of well settled principles of law... ."
In the case of Safeco Insurance Company v. Hawkeye-Security Insurance Company[5] this court considered what effect, if any, the public policy established by the financial responsibility law had upon an exclusionary clause contained in the automobile liability insurance policy issued in that case. The policy specifically excluded from coverage any person who was not a member of the named insured's family related by blood, marriage, or adoption. In holding that the exclusionary clause was valid and enforceable, this court relied upon the prior decision rendered by the Supreme Court in Lynch-Davidson Motors v. Griffin, supra. In so doing, this court said:
"The cited language from Lynch-Davidson, supra, makes it abundantly clear that an automobile liability insurer and its insured may agree upon the terms and conditions of the contract between themselves, including such exclusions from coverage as they may agree to, and in doing so not be in conflict with the public policy of this State as embodied in the Financial Responsibility Law until such time as the latter statutory scheme becomes applicable by its own terms. The futuristic attribute of the Financial Responsibility Law was fashioned by the legislature, and it is not the function of the judiciary to recast its provisions."
In Makris v. State Farm Mutual Automobile Insurance Company,[6] the Third District Court of Appeal construed the validity of an exclusionary clause contained in a liability insurance policy which had theretofore been certified by the insured vehicle's owner as proof of financial responsibility under the terms and provisions of the financial responsibility law. The court in that case held that the exclusionary clause in question excluded from coverage under the policy a substantial segment of persons for whose protection the financial responsibility law was enacted. It therefore concluded that the exclusionary clause was contrary to the public policy of the state as established by the financial responsibility law and was, therefore, void and of no effect. The controlling point on which that decision turned was that the insurance policy involved there had been certified as proof of financial responsibility and was, therefore, subject to the terms, provisions, and restraints of the *101 financial responsibility law and the public policy implicit therein.
In the case sub judice there is no contention or proof that the insurance policy with which we are confronted was ever certified as proof of financial responsibility by the insured vehicle owner. This being the case, the insured and the insurer were free to contract with each other on the content and extent of the coverage to be made available under the policy. The clause which excluded from coverage the minor plaintiff in this case was a valid stipulation between the parties and not in violation of law or the public policy of the state. We therefore conclude that the trial court was correct in its determination that no coverage was provided plaintiff by the insurance policy issued by defendant, Universal, and, therefore, the summary judgment rendered herein was proper in all respects. The judgment appealed is accordingly affirmed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Lynch-Davidson Motors v. Griffin (Fla.App. 1965), 171 So.2d 911.
[2] Lynch-Davidson Motors v. Griffin (Fla. 1966), 182 So.2d 7, 8, 9.
[3] Financial Indemnity Company v. Pennsylvania National Mutual Casualty Insurance Company (Fla.App. 1966), 184 So.2d 514.
[4] Bankers and Shippers Insurance Company of New York v. Phoenix Assurance Company of New York (Fla. 1968), 210 So.2d 715, 718, 719.
[5] Safeco Insurance Company of America v. Hawkeye-Security Insurance Company (Fla. App. 1969), 218 So.2d 759, 760, 761.
[6] Makris v. State Farm Mutual Automobile Insurance Company (Fla.App. 1972), 267 So.2d 105.