PER CURIAM.
Plaintiff appeals an adverse final judgment finding that defendant insurance company did not afford coverage in this action for damages for injuries sustained as a result of the alleged negligent operation of a motorcycle.
On May 21, 1970, plaintiff, Marianne Yakelwicz, was a passenger on a motorcycle owned by L. C. Barnes and being operated by Randall Lynn Barnes when it collided with another vehicle causing serious injury to the plaintiff. In May 1974 Marianne filed suit against L. C. and Randall Lynn Barnes and their insurer, Reserve Insurance Company, appellees herein. L. C. and Randall Barnes were served by con- . structive service (§§ 48.151, 48.161, 48.171, Fla.Stat.) and defendant insurer was served through the insurance commission. On June 7 plaintiff’s motion for entry of *811 default against defendant insurer was granted. In August, defendant insurer moved to set aside the default on the ground of excusable neglect due to a misplacement of the file. Defendant insurer also alleged that it had a meritorious defense in that its policy specifically excluded claims of passengers on the insured motorcycle. After hearing the trial judge set aside the default and defendant insurer filed its answer. The issue of coverage was tried non-jury and the judge entered the appealed judgment finding that defendant insurer did not afford coverage to the plaintiff.
Plaintiff-appellant first argues that the exclusion as to passengers contained in this standard liability policy without calling the attention of the insured to it is unconscionable.
After a reading of the motorcycle insurance policy issued by the defendant-appellee, we find the policy in clear and unambiguous language excludes bodily injury of any person “sustained while such person is a passenger in or upon . the insured motorcycle.” Thus, appellee insurer was not liable for the injuries sustained by plaintiff while she was a passenger on the motorcycle. See Winter Garden Ornamental Nursery, Inc. v. Cappleman, Fla.App.1967, 201 So.2d 479.
Plaintiff next contends that such a liability insurance policy which excludes from coverage passengers on the insured motorcycle violates the financial responsibility act.
There being no proof or evidence that this insurance policy ever was certified as proof of financial responsibility by the insured motorcycle owner so as to invoke the provisions of the financial responsibility law (§ 324.151(2), Fla.Stat.), the passenger exclusion was not in violation of the law or the public policy of this state. See Ennis v. Charter, Fla.App.1974, 290 So.2d 96.
We also considered appellant’s remaining points on appeal and find they are without merit.
Affirmed.