350 So.2d 561 (1977)
Edward Leo ANDRIAKOS and Christopher Andriakos, Plaintiffs,
v.
John CAVANAUGH et al., Defendants.
No. 77-650.
District Court of Appeal of Florida, Second District.
October 7, 1977.
*562 William A. Patterson, of Masterson, Rogers & Patterson, St. Petersburg, for Edward Leo Andriakos and Christopher Andriakos.
H. Shelton Philips, of Kaleel & Kaleel, St. Petersburg, for State Farm Mut. Auto. Ins. Co.
James C. Hadaway, of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for Aetna Life and Cas. Co.
BOARDMAN, Chief Judge.
The Circuit Court of the Sixth Judicial Circuit has certified the following question to this court pursuant to Fla.App. Rule 4.6(a):
WHERE A POLICY OF INSURANCE EXCLUDES COVERAGE FOR BODILY INJURY LIABILITY TO ANY INSURED OR ANY MEMBER OF THE FAMILY OF AN INSURED RESIDING IN THE SAME HOUSEHOLD OF THE INSURED, SHOULD SUCH EXCLUSION BE GIVEN EFFECT WITH RESPECT TO THE DRIVER OF THE INSURED VEHICLE, WHERE SAID DRIVER IS INSURED UNDER THE POLICY PURSUANT TO THE POLICY DEFINITION OF "INSURED" AS INCLUDING PERSONS "USING THE OWNER VEHICLE, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED"?
Since the question posed is broader than the issue dispositive of the cause we address only the following part of the question:
WHERE A POLICY OF INSURANCE EXCLUDES COVERAGE FOR BODILY INJURY LIABILITY TO ANY INSURED, SHOULD SUCH EXCLUSION BE GIVEN EFFECT WITH RESPECT TO THE DRIVER OF THE INSURED VEHICLE, WHERE SAID DRIVER IS INSURED UNDER THE POLICY PURSUANT TO THE POLICY DEFINITION OF "INSURED" AS INCLUDING PERSONS "USING THE OWNER VEHICLE, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED"?
On July 9, 1975, Edward Andriakos was test driving an automobile owned by and with the permission of John Cavanaugh. During the test drive Andriakos was involved in an accident in which he sustained personal injury. Andriakos filed suit against Cavanaugh alleging that his negligent maintenance of the automobile resulted in the accident. Mutual Automobile Insurance Company, which is Cavanaugh's insurance carrier, denies coverage based upon the policy exclusion.
The pertinent part of the State Farm policy provided that:

*563 COVERAGE A  BODILY INJURY LIABILITY
COVERAGE B  PROPERTY DAMAGE LIABILITY
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
(a) bodily injury sustained by other persons, and
(b) property damage, caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the owned motor vehicle; and to defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury of property damage and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.
.....
EXCLUSIONS  SECTION 1
THIS INSURANCE DOES NOT APPLY UNDER:
.....
(h) COVERAGE A, TO BODILY INJURY TO ANY INSURED . .. . DEFINITIONS  SECTION 1
.....
Insured  the unqualified word "insured" includes (1) the named insured, and . . (4) any other person while using the owned motor vehicle, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION.
State Farm argues that the policy exclusion should be enforced because it is clear and unambiguous, and it is not in conflict with the statutory provisions pertaining to compulsory insurance.
We agree the exclusion is clear and unambiguous. A person driving the insured automobile with the permission of the named insured falls within the omnibus definition of insured. The exclusion specifies that the policy is not applicable in the case of bodily injury to any insured. The word "any" is all-inclusive and does not limit the word "insured" in the sense that the word "the" was construed to qualify the word "insured" in Cochran v. State Farm Mutual Automobile Ins. Co., 298 So.2d 173 (Fla. 4th DCA 1974).
Whether the exclusion conflicts with our insurance statutes is not so clear. Admittedly the Florida Financial Responsibility Law, Sections 324.011-.251, Florida Statutes (1975), has never required an automobile driver to procure automobile liability insurance or other security to operate an automobile until he has one accident. E.g., Ennis v. Charter, 290 So.2d 96 (Fla. 1st DCA 1974). However, under the Florida Automobile Reparations Reform Act, Sections 627.730-.741, Florida Statutes (1975), which became effective in 1972, every automobile owner is required to have personal injury protection and automobile liability insurance or equivalent security without consideration of his accident record. Section 627.733(3)(a) of the Automobile Reparations Reform Act incorporates the coverage requirements of the Financial Responsibility Law.
Furthermore, in 1973 Section 325.19(7), Florida Statutes (1975), was enacted to require every person presenting his motor vehicle for compulsory inspection to produce evidence of insurance as provided in Section 324.021.
Thus, by the passage of the Florida Automobile Reparations Reform Act, the legislature mandated compulsory liability coverage even though it failed to delete the second accident provision of the Financial Responsibility Law. Any insurance policy which is represented as providing security under the Automobile Reparations Reform Act will be enforced as if it were in compliance with that act regardless of its actual terms. See Section 627.733(3)(a), Florida *564 Statutes.[1] In addition Section 324.151 of the Financial Responsibility Law provides that an insurance policy must secure coverage to the insured "against loss from the liability imposed by law for damage arising out of the ownership, maintenance, or use ..." of a motor vehicle if used as proof of financial security. Therefore, a motor vehicle liability policy under our compulsory insurance laws[2] cannot contain exclusions which destroy the effectiveness of the policy as to any substantial segment of the public. See Makris v. State Farm Mutual Automobile Ins. Co., 267 So.2d 105 (Fla. 3d DCA 1972). As applied to the facts of this case the exclusion falls in this category.
We answer the question, as modified, in the negative.
McNULTY and OTT, JJ., concur.
NOTES
[1] The rationale of Yakelwicz v. Barnes, 330 So.2d 810 (Fla. 3d DCA 1976), and Ennis v. Charter, 290 So.2d 96 (Fla. 1st DCA 1974) is inapplicable because the accidents in both these cases predated the passage of the Automobile Reparations Reform Act.
[2] We need not consider the effect of Chapter 77-468, Laws of Florida 1977, which eliminated the requirement of compulsory automobile liability insurance because the accident occurred prior to the passage of this law.