GRIMES, Chief Judge.
In this case we again consider the validity of a provision in an automobile liability insurance policy which excludes coverage for injuries to any insured.
*876 Jonathan R. Toppe sued Richard Gibson and Gibson’s liability insurance carrier, Aet-na Insurance Company, for personal injuries he suffered as the result of an automobile accident which occurred in 1976. In his complaint Toppe alleged that when the accident occurred, Gibson was driving Toppe’s car with Toppe’s permission and that Toppe was riding with Gibson as a passenger.
After Toppe instituted his suit, Gibson and Aetna filed a third party complaint against Toppe’s insurer, State Farm Mutual Automobile Insurance Company. They alleged that under Toppe’s liability insurance policy Gibson became an additional insured so that the coverage provided by State Farm was primary over coverage provided by Aetna and that thus the policy required State Farm to defend Gibson for injuries claimed by Toppe. State Farm agreed that as a permissive driver of the automobile, Gibson came within the definition of an insured under its policy. However, State Farm denied coverage based on exclusion “h” of its policy which read as follows:
This insurance does not apply under (h) Coverage A, to bodily injury to any insured or any member of the family of an insured residing in the same household as the insured.
State Farm contended that because Toppe was the named insured and the suit involved injuries to Toppe, its policy did not apply. The court agreed with State Farm and granted its motion for summary judgment.
On this appeal Gibson and Aetna challenge the validity of the exclusion in State Farm’s policy. They contend that we should not give effect to such a provision which excludes coverage for bodily injury to any insured when the named insured receives injuries while a passenger in his insured automobile and the driver of the automobile is an insured under the policy definition as a permissive user. In support of this contention, they rely entirely upon our decision in Andriakos v. Cavanaugh, 350 So.2d 561 (Fla. 2d DCA 1977), cert. denied, 362 So.2d 1057 (Fla.1978). That case, however, is distinguishable on its facts.[1] Andri-akos was test driving an automobile owned by and with the permission of Cavanaugh when he was involved in an accident in which he sustained personal injury. He filed suit against Cavanaugh alleging that his negligent maintenance of the automobile resulted in the accident. State Farm, which was Cavanaugh’s insurance carrier, denied coverage based upon a policy exclusion similar to the one in the present case. This court first concluded that at the time of the accident, the laws of Florida required automobiles to be covered by liability insurance. On this premise, we held the exclusion to be invalid since it would destroy the effectiveness of the policy to a substantial segment of the public. We do not find it necessary to extend the holding of Andria-kos to the facts of this case because we do not believe that the exclusion, when applied as it was here, will destroy the effectiveness of the policy to any substantial segment of the public.
Aside from the aspect of financial responsibility, our decision in Andriakos maintained the proposition that when one buys liability coverage, that coverage ought to protect him against suits for injuries suffered by unrelated persons arising out of the use of the insured automobile. But, the injuries involved in the case now before us are those of the named insured. If we were to uphold appellants’ claims, we would be requiring Toppe’s liability carrier to pay damages for injuries suffered by the very person it agreed to insure against claims by others.
Even if we were inclined to extend the rationale of Andriakos to the facts of this case, we would still have to reckon with Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla.1977). There, the claimant’s father obtained an automobile liability insurance, policy on the family car similar to the one in the present case. Subsequently, *877 the claimant sustained injuries while riding as a passenger in her father’s car at a time when her sister was driving it with her father’s permission. She filed suit against the sister and State Farm alleging that her injuries were the proximate result of her sister’s negligence. State Farm denied liability relying upon the exclusion for bodily injury to any insured or member of the family of an insured residing in the same household as the insured. The supreme court approved State Farm’s denial and upheld the exclusion clause. In so doing, it seemed to say that there has never been a requirement for compulsory automobile liability insurance in Florida, which, if so, would vitiate the rationale upon which the Andriakos decision was based.
In any event, even if we assume that liability insurance was compulsory at the time of the accident in this case, we see no public policy reason which would require us to hold that the exclusion in question was invalid as applied to the facts at hand.
AFFIRMED.
HOBSON ánd OTT, JJ., concur.

. The date of Toppe’s accident makes it unnecessary to consider whether Chapter 77-468, Laws of Florida would make the principle of Andriakos no longer applicable even with respect to the facts which existed in that case.