GLICKSTEIN, Judge.
This is an appeal by the daughter from a final judgment in favor of her father’s insurer. We reverse and remand.
The agreed facts at trial were as follows:
12. ... a. CONNIE TUTKALUK owned the car driven by James McDoug-ald, and in which she was a passenger.
b. CONNIE TUTKALUK suffered damages in the amount of $15,000.00.
c. James McDougald was the sole cause of the Plaintiff’s damages.
d. CONNIE TUTKALUK resided with her father Morris Tutkaluk at all times material.
e. James McDougald was neither related to, nor did he reside with any of the Tutkaluks.
f. James McDougald maintained no insurance coverage on his own behalf.
g. STATE FARM denied coverage for James McDougald for his negligence in the claim asserted by CONNIE TUTKA-LUK.
h. Under Morris Tutkaluk’s policies an uninsured motor vehicle means:
1. a land motor vehicle not insured or bonded for bodily injury liability at the time of the accident; or
2. a land motor vehicle insured or bonded for bodily injury liability at the time of the accident; but
... c. the insuring company denies coverage ...
*1363 i. If either exclusion identified in paragraph # 11, Supra, [is] valid as applied to the subject fact situation, STATE FARM owes CONNIE TUTKALUK nothing; conversely, if the exclusions are invalid, STATE FARM owes CONNIE TUTKALUK $15,000.00.
The statement of the issues and record on appeal executed by counsel for both parties recites:
13. The Court below ruled that STATE FARM owed no Uninsured Motorist coverage benefits to CONNIE TUTKALUK, citing Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla.1977); Connie Tutkaluk v. John Ryan, James McDougald and state [sic] Farm Mutual Automobile Insurance Company, 382 So.2d 1279 (4th D.C.A.1980); and Gibson v. State Farm Mutual Automobile Insurance Company, 378 So.2d 875 (2nd D.C.A.1979).
At oral argument both counsel agreed that the principles recited in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971), remain viable; but the insurer contends that James McDougald was not an uninsured motorist in this case. In Mullis, the court said:
To recapitulate, Richard Lamar Mullis is insured under the State Farm policies purchased by Shelby Mullis. Pursuant to the requirements of the statute, they cover two classes of insureds. The first includes Shelby Mullis and his wife and members of their family as long as they are residents of his household. In the second class are other persons not members of the Mullis family who are covered only while they are lawful occupants of one of the insured automobiles. Richard Lamar Mullis is a member of the first class; as such he is covered by uninsured motorist liability protection issued pursuant to Section 627.0851 whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist. He would be covered thereby whenever he is injured while walking, or while riding in motor vehicles, or in public conveyances, including uninsured motor vehicles (including Honda motorcycles) owned by a member of the first class of insureds. Neither can an insured family member be excluded from such protection because of age, sex, or color of hair. Any other conclusion would be inconsistent with the intention of Section 627-0851. It was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is not to be “whittled away’-’ by exclusions and exceptions.
The statute requires that uninsured motorist coverage be included in all policies delivered or issued for delivery in Florida for the benefit of those insured thereunder. The only exception permitted by the statute is “where any insured named in the policy shall reject the coverage.” The named insured here did not reject the statutory coverage.
Id. at 238. See also Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982).
We fail to see why Mr. McDougald was not an uninsured motorist. Both counsel agreed in their statement of issues that he carried no liability insurance; and they further agreed at oral argument that the daughter’s liability[1] and uninsured motorist coverage on her vehicle were unavailable to her.
That left the daughter, admittedly a resident in her father’s household, without any relief against the party occasioning her loss, were we to accept the insurer’s position. The principles and goals recited in Mullis seem antagonistic to such conclusion; and we have been presented with no convincing argument, in the absence of statutory or policy definition of the term “uninsured motorist,” to so reach it. State Farm Mutual Automobile Insurance Co. v. Lewis, 425 So.2d 603 (Fla. 4th DCA 1982), holds that it makes no sense for uninsured motorist coverage to attach to the insured everywhere except when he enters his own uninsured vehicle. We decide the instant case like *1364 wise, reversing and remanding in favor of the insured, Ms. Tutkaluk.
BERANEK, J., and SMITH, RUPERT, Associate Judge, concur.

. See Tutkaluk v. Ryan, 382 So.2d 1279 (Fla. 4th DCA 1980).