KAHN, Judge.
This court previously consolidated these cases and determined that a third-party declaratory judgment issued by a trial court in an insurance coverage dispute was not a final order and could not be reviewed until a judgment had been entered in the underlying action. Canal Ins. Co. v. Reed, 653 So.2d 1085 (Fla. 1st DCA 1995). The Florida Supreme Court recently reviewed that decision and held that such a third-party declaratory judgment should be treated as a final order for purposes of appeal. Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996). Accordingly, these cases are now before us on remand for consideration on the merits. Having received no request for further briefing by any of the parties, we have considered the arguments previously presented and, for the reasons discussed below, we reverse and remand for further proceedings.
In July 1988, York sued Reed in Union County, Florida, alleging that he suffered injuries on July 2, 1987, as a result of negligence in the operation of a truck owned by appellee, Richard D. Reed. Reed filed a third-party complaint for liability coverage against Canal Insurance Company (Canal), which had issued him a motor vehicle liability insurance policy in October 1986. Reed also filed a third-party complaint against Hodges Insurance Agency alleging misrepresentation in the issuance of the insurance policy. Canal, by counterclaim, brought a declaratory judgment action to determine whether its policy covered Reed for the injuries sustained by York. Canal relied on an employee exclusion contained in the insurance policy which, Canal argued, precluded coverage for York’s injuries.[1]
Canal’s declaratory judgment action was tried first and in two parts, with a jury trial to determine York’s employment status at the time of the accident and a non-jury proceeding concerning the enforceability of the employee exclusion. Although a jury determined that York was an employee of Reed acting in the course and scope of his employment at the time of the accident, the circuit court ordered Canal to provide coverage for the accident. The court specifically found that the employee exclusion contained in the Canal policy was invalid because Reed was required to comply with the financial responsibility requirements of chapter 324, Florida Statutes (1985). See Makris v. State Farm *488 Mutual Automobile Ins. Co., 267 So.2d 105 (Fla. 3d DCA 1972) (employee exclusions in motor veWcle liability policies are invalid where such policies have been certified as proof of financial responsibility). Based on the information before us, however, Reed was not required to comply with Florida’s Financial Responsibility Law.
On November 27, 1985, Reed was convicted of driving under the influence of alcohol (DUI) in Milledgeville, Georgia. At the time, Reed, a former Minnesota resident, apparently lived in Milledgeville. Prior to living in Milledgeville, Reed lived in Ellis, Texas, and Forest City, Iowa. In February 1986, after Reed had moved to Lake Butler, Florida, the Minnesota Department of Public Safety advised him that his Minnesota driver’s license had been suspended for thirty days beginning January 21,1986, because of his Georgia DUI conviction. Reed then surrendered his license to a Florida driver’s license office and it was returned to Minnesota. Reed completed a driving improvement course in Florida, and on February 20,1986, Florida issued Reed a driver’s license.
In October 1986, Reed contacted the Hodges Insurance Agency to secure insurance coverage. On his insurance application, Reed indicated that his Minnesota automobile liability policy with Northland Insurance Company had not been renewed because he had moved to Florida. Reed also informed the insurance agent of his DUI conviction. On October 28, 1986, Canal issued the subject policy. Reed’s premium of $16,692 included a surcharge because of his DUI conviction, but did not include a surcharge for filing the policy with any public agency because neither Reed, nor anyone else, requested a filing.
This court has explained when the provisions of the Financial Responsibility Law apply:
[A]n automobile liability insurer and its insured may agree upon the terms and conditions of the contract between themselves, including such exclusions from coverage as they may agree to, and in doing so not be in conflict with the public policy of this State as embodied in the Financial Responsibility Law until such time as the latter statutory scheme becomes applicable by its own terms. The futuristic attribute of the Financial Responsibility Law was fashioned by the legislature, and it is not the function of the judiciary to recast its provisions.... If appellee’s defense to the exclusionary clause rests upon the Financial Responsibility Law, it has the burden of alleging and proving that appellant’s policy was issued in response to the mandate of Chapter 32⅛ and, therefore, that the exclusionary clame is in derogation of such public policy.
Safeco Ins. Co. of Am. v. Hawkeye-Security Ins. Co., 218 So.2d 759, 760-61 (Fla. 1st DCA 1969) (emphasis added). Thus, in this case, Reed had the burden to show that the employee exclusion contained in the insurance policy issued by Canal violated public policy because that policy was issued in accordance with the requirements of chapter 324, the Financial Responsibility Law.
The pertinent provision of the Financial Responsibility Law, cited by the trial court, addresses the suspension or revocation of a driver’s license following a DUI conviction:
Upon the suspension or revocation of a license pursuant to the provisions of s. 322.26 or s. 322.27, the department [Department of Highway Safety and Motor Vehicles (DHSMV) ] shall suspend the registration for all motor vehicles registered in the name of such person, either individually or jointly with another, except that it shall not suspend such registration, unless otherwise required by law, if such person has previously given or shall immediately give, and thereafter maintain, proof of financial responsibility with respect to all motor vehicles registered by such person, in accordance with this chapter.
§ 324.072(1), Fla.Stat. (1985). The definitions section of chapter 324 defines “license” as “[a]ny license, temporary instruction permit, or temporary license issued under the laws of this state pertaining to the licensing of persons to operate motor vehicles.” § 324.021(6), Fla.Stat. (1985) (emphasis added). Similarly, “registration” is defined as “[rjegistration certificate or certificates and registration plates issued under the laws of *489 this state pertaining to the registration of motor vehicles.” § 324.021(11), Fla.Stat. (1985) (emphasis added). The evidence indicates that at the time of Reed’s Georgia DUI conviction in November 1985, he had a Minnesota license and, as a result of his DUI, Minnesota suspended his license for 30 days. Thus, at the time of his DUI, Florida had not yet issued a license or registration to Reed. Therefore, Florida could not have suspended or revoked his license and subsequently required proof of financial responsibility pursuant to the statute referenced above.
The evidence before us does not support appellee’s assertion that Florida required Reed to attend a DUI course and present a policy of liability insurance as proof of financial responsibility. Indeed, the evidence does not indicate which state required Reed to attend a DUI course, although it appears that Reed may have fulfilled this requirement in Florida. In addition, because Reed received his Florida driver’s license on February 20, 1986, the 1985 statutes provide the applicable law and section 322.03, relating to licensing, contains nothing requiring a driver with Reed’s particular history to attend a course or provide proof of financial responsibility.[2] See § 322.03, Fla.Stat. (1985). Moreover, even as amended in 1986, the statute only imposes such requirements on persons convicted of driving under the influence “two or more times.” § 322.03(l)(b), Fla. Stat. (Supp.1986).
Further, the testimony of both Ralph Cobb, the bureau chief of the Bureau of Financial Responsibility, Division of Drivers’ Licenses, DHSMV, and Alan D. Cochrane II, the bureau chief of the Bureau of Records, Division of Drivers’ Licenses, DHSMV, indicates that Reed’s Georgia DUI would not have required him to comply with the Financial Responsibility Law and would not have affected his ability to obtain a Florida driver’s license as long as he had been reinstated by the state in which he was licensed. Coch-rane also testified that before Reed’s Florida license was issued DHSMV received a reinstatement letter of authority from Minnesota, clearing Reed’s license suspension by that state.
Therefore, according to the evidence in this case, the State of Florida did not require Reed, because of his Georgia DUI, to comply with chapter 324 when he applied for a Florida license. Moreover, even assuming Reed did have to comply with chapter 324, no evidence indicates whether he already had a liability policy at the time of his DUI. If he did already have such a policy, then the suspension and revocation provisions do not apply, and presumably neither does the requirement to prove financial responsibility. See § 324.072(1), Fla.Stati (1985). Indeed, according to the testimony of Cobb, if a person has insurance in effect at the time of a DUI, that person is in fall compliance with the financial responsibility law and does not have to file an SR-22, the certification form that the insurance company files with the state. In addition, once driving privileges have been suspended for a DUI offense in this state, to verify the occurrence and to determine whether a person has insurance coverage, the state automatically sends an insurance inquiry, an SR-21, to the person. If the person does not have coverage, his driving privileges are suspended until he meets certain obligations, including filing an SR-22, making restitution for damages caused, and paying a reinstatement fee. No evidence in this case indicates that Reed ever received such an inquiry or had his Florida license suspended or revoked.
Based on the foregoing, the trial court erred in finding that “[a)s instructed by the Florida office, Mr. Reed completed an alcohol education course, took the Florida driving test, presented a policy of insurance as proof *490 of financial responsibility, and received a new Florida driver’s license on February 20, 1986.” Although the trial court determined that filing an SR-22 did not constitute the only method of proving financial responsibility pursuant to the requirements contained in chapter 324, from the evidence, Reed did not have to comply with chapter 324 because his Georgia DUI occurred before he obtained his Florida driver’s license. Because the terms and conditions of the financial responsibility law did not apply to the policy issued by Canal, the trial court erred in applying the Makris decision to the circumstances of this case. See Yakelwicz v. Barnes, 330 So.2d 810, 811 (Fla. 3d DCA 1976) (“There being no proof or evidence that this insurance policy was certified as proof of financial responsibility by the insured motorcycle owner so as to invoke the provisions of the financial responsibility law ..., the passenger exclusion was not in violation of the law or the public policy of this state.”), appeal dismissed, 341 So.2d 1087 (Fla.1976); Hanover Ins. Co. v. Bramlitt, 228 So.2d 288, 289-90 (Fla. 1st DCA 1969) (“an automobile liability insurance policy may contain a named driver exclusion unless such policy was issued pursuant to a requirement of the State’s financial responsibility law”).
REVERSED AND REMANDED.
BARFIELD and VAN NORTWICK, JJ„ concur.

. The exclusion provides: "This insurance does not apply ... to bodily Injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury...."

. As amended in 1986, the statute provided, in pertinent part:
Prior to issuing a driver’s license, the department shall require any person who has been convicted two or more times of a violation of s. 316.193 or of a substantially similar alcohol-related or drug-related offense outside this state within the preceding 5 years ... to present proof of successful completion of or enrollment in a department-approved substance abuse education course.... Further, prior to issuing the driver's license the department shall require such person to present proof of financial responsibility as provided in s. 324.031....
§ 322.03(l)(b), Fla.Stat. (Supp.1986). This law did not become effective until October 1, 1986, however.